## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KRYSTAL BENEFIELD,<br><br>               Plaintiff,<br>v.<br><br>NATIONAL CREDIT SOLUTIONS, L.L.C.;<br>and Does 1-10, inclusive,<br><br>            Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, KRYSTAL BENEFIELD, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Further, Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

3.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in

this District.

## PARTIES

5.      The Plaintiff, KRYSTAL BENEFIELD ("PLAINTIFF"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant NATIONAL CREDIT SOLUTIONS, L.L.C.  ("NCS"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Does 1-10 (the "Collectors") are individual collectors employed by NCS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.      NCS at all times acted by and through one or more of the Collectors (collectively described herein as "Defendants").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

9.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Creditor (the "Creditor").

10.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.      The Debt was purchased, assigned or transferred to NCS for collection, or NCS was employed by the Creditor to collect the Debt.

12.      The Defendants attempted to collect the Debt and, as such, engaged in

"communications" as defined in 15 U.S.C. § 1692a(2).

## NCS Engages in Harassment and Abusive Tactics

## FACTS

13.     NCS engaged in a campaign of harassment and abuse in an attempt to collect a debt upon the PLAINTIFF.

14.     On March 20, 2013 at approximately 2:11 p.m., Colby[1] placed a telephone call to the PLAINTIFF'S cellular phone without her authorization.

15.     During the call, Colby threatened PLAINTIFF with criminal charges. Specifically, Colby told PLAINTIFF that she had committed fraud.

16.     In a second unauthorized call to PLAINTIFF, PLAINTIFF told Stephen Smith[2] that she had filed for bankruptcy relief and that she had retained Haines & Krieger.  Moreover, PLAINTIFF gave Mr. Smith Haines & Krieger's contact information.

17.     During a third unauthorized call to PLAINTIFF, PLAINTIFF told Emily[3] that they were not authorized to keep calling her because she had already filed for bankruptcy. Furthermore, PLAINTIFF provided Emily and NCS again with Haines & Krieger's contact information.

## Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of NCS's unlawful conduct.

19.     As a direct consequence of NCS's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

---

[1] Colby was NCS' representative during the first unauthorized call to PLAINTIFF.
[2] Stephen was NCS' representative during the second authorized call to PLAINTIFF.
[3] Emily was NCS' representative during the third unauthorized call to PLAINTIFF.

## Respondeat Superior Liability

20.     The acts and omissions of NCS, and the other debt collectors employed as agents by NCS who communicated with Plaintiff, as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCS.

21.     The acts and omissions by NCS and these other debt collectors were incidental to or of the same general nature as the responsibilities that these agents were authorized to perform by NCS in collecting consumer debts.

22.     By committing these acts and omissions against Plaintiff, NCS and these other debt collectors were motivated to benefit their principal, Defendant NCS.

23.     NCS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

24.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

26.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)     to dial such numbers.

27.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

28.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[4]

29.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[5]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

30.     Upon information and belief, Defendants employ an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

31.     Beginning in or around December 2012 through January 2013, Defendants have repeatedly contacted Plaintiff on Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

32.     The telephone number that Defendants used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[5] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

33.     Pursuant to the contract with his cellular service provider, Plaintiff is charged for incoming calls made to his cellular telephone.

34.     Defendants did not have prior express consent to place automated or prerecorded calls to Plaintiff on his cellular telephone.

35.     Defendants' calls to Plaintiff's cellular telephone were not for "emergency purposes."

36.     Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on a defendant to demonstrate that it had prior express consent to call a plaintiff's cellular phone with an ATDS using a prerecorded voice.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

37.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after it knew Plaintiff was represented by an attorney.

39.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

40.     The Defendants' conduct violated 15 U.S.C. § 1692d(1) in that Defendants threatened the use of criminal means to harm the Plaintiff in connection with the collection of a debt.

41.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

42.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

43.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants accused Plaintiff of committing criminal fraud to disgrace the Plaintiff.

44.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

45.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

46.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47.     The Plaintiff is entitled to damages as a result of Defendants' violations.

48.     The Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

49.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

7

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

51.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

52.   Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

53.   Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

54.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

55.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly

8

offensive to a reasonable person in that position.

56.      As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## COUNT III

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

57.      Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

58.      Defendants negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff  without his prior express consent.

59.      Each of the aforementioned calls by Defendants constitutes a negligent violation of the TCPA.

60.      As a result of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

61.      Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT IV

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

62.      Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

63.      Defendants knowingly and/or willfully placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff without his prior express

consent.

64.    Each of the aforementioned calls by the Defendants constitutes a knowing and/or willful violation of the TCPA.

65.    As a result of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

66.    Additionally, Plaintiff is entitled to seek injunctive relief prohibiting such conduct by Defendant in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## **COUNT I.**

## **VIOLATIONS OF NRS 604A AS INCORPORATED THROUGH 15 U.S.C. § 1692**

1.    for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2.    for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.    for punitive damages; and

4.    for any other and further relief that the Court may deem just and proper.

## **COUNT II.**

## **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

1.    for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent NRS 604A violations and

intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2.  for such other and further relief as may be just and proper.

## COUNTS III AND IV

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1.  Injunctive relief prohibiting such violations of the TCPA by the Defendants in the future;

2.  Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3.  Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4.  An award of attorney's fees and costs to counsel for Plaintiff; and

5.  Such other relief as the Court deems just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 9, 2013

Respectfully submitted,

By      /s/ Brian M. Boyer, Esq.
        Brian M. Boyer, Esq.
        Nevada Bar No. 12185
        HAINES & KRIEGER, LLC
        5041 N. Rainbow Blvd.
        Las Vegas, Nevada 89130
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: bboyer@hainesandkrieger.com
        Attorney for Plaintiff
        *KRYSTAL BENEFIELD*